UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| T. KURTZ, LUCIONO, WILLIAMS, and SHORT, | ) ) ) |
| Plaintiffs, | ) ) |
|  | ) Case No. 3:24-cv-30 |
| v. | ) ) |
|  | ) Judge Atchley |
| BROOME COUNTY'S NORTHERN DISTRICT OF THE UNITED STATES DISTRICT COURT & WESTERN DISTRICT, | ) Magistrate Judge McCook ) ) ) |
|  | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Thomas Kurtz, an inmate of the Mid-State Correctional Facility in Marcy, New York, has mailed the Court an unsigned document that has a case style listing "T. Kurtz, Luciono, Williams, and Short" as Plaintiffs and "Broome County's Northern District of the United States District Court [and] Western District as" as Defendants [Doc. 1]. This document is mostly unintelligible but mentions, among other things, affidavits for a 1983, various case numbers, "forensic fraud," a "current assault on [him] by [the] same departments of N.Y[.]'s Northern District" based on a "felony complaint" from the "same date" of "August 13, 2020–2021," address changes (including one address change to Tennessee), that a witness named Kelly Pitcher is still alive, that an individual named Shannon Stamer was "forced to ste[a]l money with Sheriffs of TJCGAS Northern District of N.Y.," "craftsmen vs. Sears," and various chemicals, as well as heroin and opiates [Doc. 1]. For the reasons set forth below, the Court will transfer this action to the United States District Court for the Northern District of New York.

The general venue statute for federal district courts provides that:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).  As set forth above, while Plaintiff at one point mentions an address change to Tennessee in his filing with this Court, it is apparent that most, if not all, of the events giving rise to the filing occurred in the Northern District of New York, which is where Broome County, New York, is located.  28 U.S.C. § 112(a).  Accordingly, this Court is not a proper venue for this action, and the United States District Court for the Northern District of New York is the proper venue for this action.  As this Court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice," 28 U.S.C. § 1406(a), the Clerk will be **DIRECTED** to transfer this action to that Court, and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**